UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARNETT, | 1:12-cv-00130-LJO-SAB |
| Plaintiff, | **PRETRIAL CONFERENCE ORDER** |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY LONG TERM DISABILITY PLAN, | |
| Defendant. | |

Based on the Court's review of the joint pretrial statement, the Court makes the following determinations:

1. Mr. Barnett's first cause of action was decided on summary judgment. Thus, Mr. Barnett's first cause of action is not part of the trial.

2. In Mr. Barnett's second cause action, the Court must determine whether the Plan abused its discretion when it terminated Mr. Barnett's long term disability benefits. The parties disagree as to whether the Court must limit itself to the administrative record or may consider evidence outside the administrative record. Mr. Barnett argues that the Plan had a conflict of interest which constitutes a procedural irregularity and when procedural irregularities are present the Court may consider evidence outside the administrative record. Mr. Barnett fails to provide substantive details on the alleged conflict of interest. Being this close to trial, the Court will not entertain Mr. Barnett's procedural irregularity argument. Therefore, the Court limits its review to the administrative record.

3. The Court dismisses Mr. Barnett's third cause of action because an adequate remedy exists under 29 U.S.C. § 1132(a)(1). In *Varity Corp.*, the Supreme Court determined that 29 U.S.C. §

1132(a)(3) is a "catchall" which provides relief only for injuries that are not otherwise adequately provided for. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). In Mr. Barnett's second and third causes of action, he essentially requests a full and fair review of his claim. Thus, this Court finds that Mr. Barnett's §1132(a)(3) claim is nothing more than a repackaged § 1132(a)(1) denial of benefits claim, *i.e.*, Mr. Barnett's third cause of action is a repackaged version of his second cause of action. Therefore, an adequate remedy exists under § 1132(a)(1).

Mr. Barnett's allegation that the Plan and Sedgwick "routinely deny participants, such as Plaintiff, full and fair claims processes and appeals" (Doc. 1, p. 22:1-3) does not overcome this Court's determination that his § 1132(a)(3) claim is a repackaged § 1132(a)(1) claim because Mr. Barnett has not produced any evidence or argument that the Plan denied anyone else a full and fair claims process or appeal. Accordingly, Mr. Barnett's third cause of action is DISMISSED.

IT IS SO ORDERED.

Dated:   **July 8, 2013**                               **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE