UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM BARNETT, | 1:12-CV-00130-LJO-SAB |
|---|---|
| Plaintiff, | **ORDER ON MOTION TO RE-TAX COSTS** (Doc. 66) |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY LONG TERM DISABILITY PLAN, | |
| Defendant. | |

### INTRODUCTION

Plaintiff William Barnett ("Barnett") brought this action under the Employee Retirement Income Security Act ("ERISA") against Defendant Southern California Edison Company Long Term Disability Plan ("the Plan"). Barnett sought reinstatement of his long term disability ("LTD") benefits. The parties agreed to forgo trial, and this Court found in favor of the Plan. After entry of judgment in favor of the Plan and against Barnett, costs were taxed to Barnett. Barnett now moves this Court to re-tax costs. For the reasons discussed below, Barnett's motion is GRANTED in part and DENIED in part.

### BACKGROUND

**A.  Facts in Underlying Case**

Barnett was employed by Southern California Edison ("Edison") as a Program Manager/Project Manager and was eligible to participate in Southern California Edison's Long Term Disability Plan.. (Doc. 23-6, p. 4 ¶ 3).   Barnett had lower back surgery in 1999. (Doc. 30, p. 2 ¶ 1). In June 2000, he left work and applied for disability benefits with the Plan. (Doc. 30, p. 2 ¶ 2).

1

The Plan certified Barnett as disabled and approved his request for benefits effective December 20, 2000. (Doc. 23-6, p. 4 ¶ 4; Doc. 30, p. 2 ¶ 3). The Plan terminated Barnett's benefits On August 26, 2009 because he no longer satisfied the Plan's definition of disability. (Doc. 30, p. 7 ¶ 28). Barnett requested reconsideration of the termination of his benefits, and the Plan denied Barnett's appeal. (Doc. 23-6, p. 5 ¶¶ 6-7).

**B.    Procedural History**

On January 27, 2012, Barnett filed a complaint with this Court alleging three causes of action under ERISA. (Doc. 1).

Following a pretrial conference and the parties' agreement to forgo trial, this Court determined that the only remaining issue was whether, based solely on review of the administrative record, the Plan abused its discretion by termination Barnett's LTD benefits.

On August 26, 2013, this Court found that that the Plan did not abuse its discretion in terminating Barnett's LTD benefits, and, therefore, Barnett's LTD benefits should not be reinstated. (Doc. 55). After entry of judgment in its favor, the Plan submitted its bill of costs, and those costs were taxed to Barnett. (Docs. 58, 65).

Barnett now moves this Court to re-tax costs. Specifically, he challenges the taxing of the costs for the transcripts of the depositions of Francine Potter, Yvonne Torres, and David Faggert. The Plan filed an opposition on November 18, 2013, and Barnett filed a reply on November 25, 2013.

## ANALYSIS
### Fed. R. Civ. P. 54(d)(1)

**A.    Legal Standard**

A district court reviews the clerk's taxation of costs de novo. *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1137 (E.D. Cal. 2010) (citing *Lopez v. San Francisco Unified Sch. Dist.*, 385 F.Supp.2d 981, 1000–1001 (N.D. Cal. 2005)).

Fed. R. Civ. P. 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Although the rule creates a "presumption in favor of taxing costs to the losing party," the district court has discretion to re-tax costs. *Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist.*

*Council*, 56 F. App'x 768, 769 (9th Cir. 2003) (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). A losing party bears the burden of establishing a reason to avoid taxation of costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003) (citing *Stanley*, 178 F.3d at 1079 for its statement that "it is incumbent upon the losing party to demonstrate why the costs should not be awarded."). Although a district court must "specify reasons" for its refusal to tax costs to the losing party, the Court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Assoc. of Mexican–American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000); *Save Our Valley*, 335 F.3d at 945. Punishing misconduct by the prevailing party is not the only proper reason for denying costs to a prevailing party. *Assoc. of Mexican–American Educators*, 231 F.3d at 592.

The Ninth Circuit has held that "the trial judge had the power to tax the expense of copies of the depositions… qualified only by the requirement of [28 U.S.C. § 1920(a)] that the various copies be 'necessarily obtained for use in the case.'" *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963). "If the depositions were merely useful for discovery, then they were not taxable items and their expense should have been borne by the party taking them, as incidental to normal preparation for trial." *Id.* (citing *Republic Mach. Tool Corp. v. Federal Cartridge Corp.*, 5 F.R.D. 388 (D. Minn. 1946)).

**B.     Whether the Deposition Transcripts Costs Are Properly Taxed to Barnett**

Barnett and his counsel brought an action in Madera County Superior Court that has been concluded by a settlement. When the Madera County case and the instant case were both pending, the parties submitted a Joint Case Management Report in the instant case where they agreed that, "[t]o the extent Plaintiff is permitted to use extrinsic evidence in the instant case, the parties anticipate that depositions taken in the Madera County case can be used in this case - - and, if so, will not repeat them." (Doc. 31, Exh. 1, p. 11). The parties submitted the Joint Case Management Report on May 6, 2013.

The parties conducted the depositions of Francine Potter and Yvonne Torres on July 9, 2012 for the Madera County case. (Doc. 71, Exh. C, D). Barnett then reached a settlement agreement with the defendants in the Madera County case. After reaching the settlement agreement, Barnett's counsel

deposed David Faggert on January 4, 2013.  (Doc. 71, Exh. B).

Barnett now seeks the re-taxing of costs for transcripts in the depositions of Francine Potter, Yvonne Torres, and David Faggert.

Faggert's deposition transcript only could have been "necessarily obtained for use in the case" as to the instant matter, and not the Madera County case. *Indep. Iron Works, Inc.*, 322 F.2d at 678.  The deposition was taken after a settlement agreement already had been reached in the Madera County case.  Further, during the Faggert deposition, Barnett's counsel stated that he was only going to ask Faggert questions about the instant case and not the Madera County case.  (Doc. 71, Exh. B). Barnett has submitted no evidence to the contrary.  Therefore, Barnett fails to meet his burden of establishing a reason to avoid taxation of costs as to the Faggert deposition transcript.  *Save Our Valley*, 335 F.3d at 944–45.

The parties conducted the Potter and Torres depositions with the understanding and agreement that the depositions will be for use in both the Madera County case and in the instant case. (Doc. 31, Exh. 1, p. 11).  Excerpts from the deposition transcripts indicate that both Potter and Torres were asked questions and provided answers related to issues in the instant case.  (Doc. 71, Exh. C, D). Barnett submits no evidence to establish a reason to avoid taxation of half of the costs of the Potter and Torres deposition transcripts.  *Save Our Valley*, 335 F.3d at 944–45.  Therefore, the Court assesses half of the cost of these deposition transcripts ($907.05) to Barnett.  (Doc. 58, Attach. 1).

## CONCLUSION AND ORDER

For the reasons discussed above, the Court:

1. DENIES Plaintiff William Barnett's motion to re-tax costs as to the transcript for the deposition of David Faggert;
2. GRANTS in part Plaintiff William Barnett's motion to re-tax costs as to the transcripts for the depositions of Francine Potter and Yvonne Torres; and

/ / /

/ / /

/ / /

/ / /

3. ORDERS the Clerk of Court to tax costs to Plaintiff William Barnett in the total amount of $3,488.30 instead of $4,395.

IT IS SO ORDERED.

Dated:  **December 2, 2013**               **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE