# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARNETT,<br><br>        Plaintiff,<br><br>        v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY LONG TERM DISABILITY PLAN,<br><br>        Defendant. | 1:12-cv-00130 LJO SAB<br><br>Ninth Circuit Case No. 13-16925<br><br>REQUEST TO NINTH CIRCUIT FOR CLARIFICATION OF RULING |

    Plaintiff William Barnett ("Barnett") brings this action under the Employee Retirement Income Security Act ("ERISA") against Defendant Southern California Edison Company Long Term Disability Plan ("the Plan"). Barnett seeks reinstatement of his long term disability ("LTD") benefits. On August 26, 2013, after the parties agreed to forego trial, the Court issued Findings of Fact and Conclusions of Law rejecting Barnett's claim for reinstatement. Doc. 55. Barnett appealed. On December 7, 2015, the United States Court of Appeals for the Ninth Circuit issued a Memorandum affirming this Court's rulings, with one exception. Doc. 77. On the issue of accommodations, the Ninth Circuit reasoned:

> The parties agree that under the Plan provisions that applied to Barnett, "[d]isabled means that, due to illness or injury, you are unable to perform . . . any reasonable job for the company after two years." Moreover, "[a] reasonable job is any gainful activity in any job classification for which you are or may reasonably become fitted by education, training, or experience." And that job must be located "at any company within the zone . . . in which you were working on your last day at work." After our careful review of the record, we are unable to say that the Administrator abused its discretion when it determined that there was a reasonable job that Barnett could perform. However, the Administrator did abuse its discretion when it implicitly determined that the job in question was within the proper zone. Simply put, there was no evidence of the zone in

<blockquote><u>which the reasonable job was located, nor was there explicit evidence of the zone in which Barnett worked. As a result, the termination of benefits was improper and we must vacate the district court's determination and remand for further proceedings</u>.</blockquote>

Doc. 77 at 2-4 (emphasis added) (footnotes omitted).

This Court requests clarification as to whether the "further proceedings" called for in the Ninth Circuit's opinion are limited to calculating back-benefits and fees, or, alternatively, whether augmentation of the record is permitted on the merits of the "zone" issue.

IT IS SO ORDERED.

   Dated:  **January 25, 2016**          /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE